**Bertha JENNINGS, Granby, Missouri, Plaintiff,**

v.

**McCALL CORPORATION, a corporation incorporated under the laws of New York, 230 Park Avenue, New York 17, New York, Defendant.**

**No. 13725-3.**

United States District Court
W. D. Missouri, W. D.
June 29, 1962.

Wm. H. Sanders and Thomas I. Osborne (of Caldwell, Blackwell, Oliver & Sanders), Kansas City, Mo., Robert E. Seiler (of Seiler, Blanchard & Vanfleet), Joplin, Mo., for plaintiff.

Carl E. Enggas (of Watson, Ess, Marshall & Enggas), Kansas City, Mo., for defendant.

DUNCAN, District Judge.

Plaintiff instituted this suit against the defendant to recover damages for the wrongful appropriation by defendant of plaintiff's ideas concerning the tech-

nique of transferring dress patterns to the material from which a dress would ultimately be cut and made.

Plaintiff alleges that in 1956, without disclosing any particulars, she stated to defendant's agent and employee in Missouri, that she had a novel and unique idea that could be of great economic benefit to the defendant.

After preliminary exchange of correspondence in which she did not make any disclosure of her idea to defendant, the defendant did, on November 28, 1956, request that plaintiff disclose her idea and promised that should the defendant make use of it, she would be adequately compensated therefor; that thereafter, in response to defendant's invitation to submit her idea, she did make full and complete disclosure thereof to the defendant; further that thereafter, on March 26, 1957, the defendant advised plaintiff's agent that it would not make use of plaintiff's idea and returned her confidential disclosure to her.

That some time thereafter, plaintiff learned that the defendant had appropriated her novel idea and that the defendant was then engaged in presenting a world premiere of what defendant described as defendant's revolutionary idea. That defendant's "revolutionary idea" was in truth and in fact, the idea that had been conveyed to the defendant by the plaintiff, and that it continued to use her idea for its own benefit and profit, and that as a result of the use thereof, there arose the obligation on the part of the defendant to pay the plaintiff therefor. She seeks damages in the sum of $500,000.00.

▇ Attempted service was had upon the defendant in Jackson County, Missouri, by the United States Marshal, which is in the following language:

"I hereby certify and return, that on the 6th day of February 1962, I received this summons and served it together with the complaint herein as follows: By Delivering to and leaving a true and correct copy thereof with Donald R. Bleuher Sales Representative for McCall Corporation 230 Park Ave New York 17 New York, personally at 11th and Wyandotte Kansas City Missouri at the National Rental Office at 4:55 PM 6th February 1962

"Francis M. Wilson
"United States Marshal
"By /s/ Francis R. Wallis
"Deputy United States Marshal."

Defendant has filed Motion to Dismiss or to Quash Return of Service of Summons on the following grounds:

"(a) Defendant is a corporation organized pursuant to the laws of Delaware and was not and is not subject to service of process within the State of Missouri, nor within the Western District thereof;

"(b) Service of process has purportedly been made upon a person who is not: (1) An officer of defendant, (2) a managing or general agent of defendant, or (3) authorized by appointment or by law to receive service;

"(c) Venue pursuant to 28 U. S.C. Sec. 1391(c) is not proper in this Court."

Defendant's motion is supported by affidavits and Suggestions in Support thereof, among which is the affidavit of Herbert Bijur, a vice-president of McCall Corporation, and is as follows: [Caption omitted]

"Herbert Bijur, of lawful age, being duly sworn upon his oath, states that he is a Vice Pres. of McCall Corporation (hereinafter referred to as McCall) and that in its behalf he affirms the following statement of facts according to his best knowledge and belief:

"1. McCall Corporation is a Delaware Corporation which is engaged in the publishing business. Its executive and main offices are located in New York City, and its primary printing facility is located in Dayton, Ohio.

"2. McCall has a corporate division that engages in the design, manufacture and sale of printed patterns used to make dresses and other garments. These patterns are purchased primarily by women for making clothes at home.

"3. Department and piece goods stores in Missouri purchase dress patterns from McCall pattern branch offices located in Chicago, Illinois and New York City. McCall has no office, branch or store for selling dress patterns in Missouri.

"4. McCall employs only one person in their pattern division who engaged in any activities in Missouri. His name is Donald R. Bleuher. Mr. Bleuher is a salesman with offices in New York City. His territory consists of the states of Illinois, Wisconsin, Minnesota and Missouri.

"In the performance of his duties as a salesman, he attempts to secure new accounts with department and piece goods stores, that will carry the McCall pattern line. When opening an account, he writes out a contract which is then sent to McCall's office in New York City for acceptance.

"Mr. Bleuher also calls on existing accounts to assist them with any problems they may be having with the McCall pattern line and to suggest ways and means of improving their pattern sales or of displaying patterns to better advantage.

"On occasion, he will take an order from an existing account for an item not carried by the store, in which case he forwards the order to the McCall office in New York City or the branch office in Chicago.

"5. Mr. Bleuher is neither an officer nor director of McCall. He is not employed in any executive or supervisory capacity. He has no appointment or other authority to receive service of process on behalf of McCall. His only duty and authority is to solicit contracts in his territory for the placement of McCall pattern line. He is not vested with discretion in establishing prices, terms or conditions of sale.

"6. McCall employes three persons who reside in Missouri. These persons' activities are confined to soliciting or the supervision of soliciting, by telephone, subscriptions to the McCall publications, McCall's and Redbook magazines. Neither of these employees has any authority to accept a subscription, but can only solicit. All subscriptions which they solicit are sent to New York for acceptance or rejection.

"7. McCall rents a one-room office on a month-to-month basis, with no lease, at 1805 Grand Avenue, Kansas City, Missouri. This is the only office of any kind that it has in Missouri.

"Mrs. H. Novy is manager of this office and assistant is Miss Carole Ankrun. Mrs. Novy and Miss Ankrun supervise the telephone solicitation of subscriptions to *McCall's* and *Redbook* magazines in an eight state territory including and extending north and west of Missouri.

"8. The third McCall employee in Missouri is Miss Marjorie Burt. Miss Burt is the telephone solicitations manager in Missouri. Neither Miss Burt, Mrs. Novy or Miss Ankrun engage in any activities in connection with the McCall pattern division.

"9. McCall owns no real property in Missouri and no personal property except for the office furniture and equipment at 1805 Grand Avenue. It has no account with any Missouri bank. Except for the office at 1805 Grand Avenue, it has no office, warehouse, plant or any other facility of any kind in Missouri. McCall is not and never has been qualified to do business in Missouri.

"10. The only contact between Miss Bertha Jennings and McCall

with reference to the matters alleged in her complaint was an exchange of correspondence in 1956 and 1957. Miss Jennings or her agent wrote one or two letters to McCall at 230 Park Avenue, New York 17, New York. McCall employees in New York wrote two letters to Miss Jennings. There were no contacts, conversations, letters or negotiations between Miss Jennings and McCall in Missouri. McCall employees in Missouri have never had any authority to receive idea submissions or engage in any conduct of the type Miss Jennings refers to in her complaint.

"/s/            Herbert Bijur

"Subscribed and sworn to before me, a Notary Public, this 23rd day of February, 1962.

"/s/            Irwin J. Curtis
            "Irwin J. Curtis
        "Notary Public, State of New York
        "No. 24–5890375, Qualified in Kings Co.
        "Cert, Filed in New York County
        "Commission Expires March 30, 1962.

"My commission expires:
                        "(SEAL)"

A counter-affidavit was filed by the plaintiff, which is as follows:

"STATE OF MISSOURI ⎤
                              ⎬ ss
"COUNTY OF JASPER ⎦

"Bertha Jennings, of lawful age, being first duly sworn, on oath states as follows:

"In March, 1956, I attended the state meeting of the Missouri State Home Economics Association in Kansas City, Missouri.

"I am a member of the association and regularly attend the annual meeting.

"Kit Mason, Director of McCall's Patterns, McCall Corporation attended the meeting and presented the McCall Corporation's spring fabrics at a style show, where models exhibited the McCall patterns, which had been made in garments. Kit Mason presided at the style show and narrated the presentation.

"I talked to Kit Mason before the style show started and told her that I had a new idea to improve dress patterns which I would like to sell to McCall's. She asked me what it was, but I did not divulge the idea. I informed her the end results would be to reduce time and effort required in making garments and would lead to greater perfection. I asked her for the name and address of the business department in McCall's to which I should write. She said McCall's did buy new ideas, sometimes on a flat rate of dollars and sometimes on a percentage. She said for me to write the McCall Corporation in New York City, which I did.

"/s/     Bertha Jennings

"Subscribed and sworn to before me this 21st day of April, 1962.
"[SEAL]

"/s/            Freeda Hance
                    Notary Public

"My commission expires October 8, 1964."

The affidavit of Mrs. Jennings clearly reflects the nature and extent of the transactions she had with the defendant, both in Missouri and in New York.

The affidavits of the plaintiff and of the defendant, and the interrogatories answered by the defendant by Mr. Bijur on behalf of the corporation, clearly present to the court the nature and extent of defendant's business in Missouri.

It is the defendant's contention that the activities described in Mr. Bijur's affidavit do not constitute its presence for the doing of business in the State of Missouri, and that the return of service upon its salesman was insufficient to confer jurisdiction upon this court.

666

Each of the parties has presented to the court full and complete briefs and cite many authorities to sustain their respective positions, but frankly I do not propose to take the time to discuss all the various cases and what has been said in the numerous cases in which this question has arisen.

First, it is necessary for the court to determine whether or not the defendant's activities in the State of Missouri would be sufficient to constitute the doing of business within the scope of its business as described in the affidavit. Suffice it to say that its activities in the conduct of its business in Missouri are extensive and might lead one to the conclusion that such activities would, under the numerous cases cited, constitute the doing of business and render it subject to the jurisdiction of the courts of Missouri.

The undisputed fact in this case however, is that notwithstanding the nature and extent of its business, the particular nature of business which is the basis of this suit, was not a part of its business activities in the State of Missouri.

Plaintiff's own affidavit reveals that the only contact she had with any person in Missouri was to reveal to one of defendant's employees that she had an idea that might be of interest to the defendant, but she did not reveal the nature of the idea, but inquired how she should proceed to make contact with the proper persons in defendant's organization. She was told to communicate with the New York office, which she did by correspondence.

The question is fully discussed in Wooster v. Trimont Mfg. Co., 356 Mo. 682, 203 S.W.2d 411. While the facts in that case are substantially different than in the present case, I think they are no more convincing as to the presence of the corporation than in the present case, and the court held there that the corporation was subject to the jurisdiction of the Missouri courts, reversing the trial court. There the court held that defendant was amenable to process served upon it in this state.

Clearly in the Wooster case the controversy arose out of the very nature of the business that was being transacted in Missouri, contrary to the situation we have before us here. I think there would not be the slightest doubt but that if a controversy arose between the defendant and one of its advertisers or subscribers in Missouri involving a transaction that originated or took place in Missouri, that defendant would be amenable to suit here.

However, the plaintiff's cause of action had no relationship whatsoever with that phase of defendant's business being conducted in the State of Missouri. It pertained, according to the petition, her affidavit and that of the defendant, to a phase of its business that was entirely in the State of New York.

The defendant also seeks to quash the service of summons which appears to have been had upon a sales representative. The affidavit of Bijur, which is not denied, with respect to the responsibilities and duties of Bleuher, reveal that he is a salesman with offices in New York, that he does have territories consisting of Illinois, Wisconsin, Minnesota, and Missouri; that in the performance of his duties he attempts to seek new accounts with the stores carrying the McCall pattern line; he accepts orders for accounts in New York; he also calls on existing accounts to assist them in any problems they may have with the McCall pattern line, seeking means of improving business in that respect.

It is stated, and not denied, that he is neither an officer nor director or in charge of any business office in the State of Missouri. The return clearly shows that at the time of the service, he was not even in a business office of the company but in National Rental Office.

Rule 4(d) (3) with respect to service, provides:

"Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a com-

:mon name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant."

See also 211 F.Supp. 520.

There is no showing in the return that Bleuher was an officer of the corporation, that he was a manager or general agent or any other person authorized by appointment or by law to receive service.

In the opinion of the court the service was improper and should be quashed.

It is also my conclusion, in view of the pleadings, affidavits and answers to interrogatories, that insofar as the relationship between the plaintiff and defendant is concerned, it was not doing business within the State of Missouri, and not subject to process within this state.

The "Motion of Defendant to Dismiss or to Quash Return of Service of Summons" is therefore sustained.